IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHERYL C. STARKS                                                    PLAINTIFF

v.                                          Civil No. 1:25-cv-0027-HSO-BWR

FULL HOUSE RESORTS, INC. and
JOHN DOES 1-4                                                      DEFENDANTS

## ORDER OF DISMISSAL

This matter is before the Court sua sponte to consider its subject-matter jurisdiction. Having considered the record and relevant legal authority, the Court finds that Plaintiff Cheryl C. Starks ("Plaintiff") has not carried her burden of demonstrating that federal subject-matter jurisdiction exists over this dispute. This matter should be dismissed without prejudice for lack of subject-matter jurisdiction.

## I. BACKGROUND

Plaintiff filed a Complaint [1] in this Court on January 31, 2025, naming as Defendants Full House Resorts, Inc. and John Does 1-4. *See* Compl. [1] at 1. The Complaint [1] asserted only state-law claims and attempted to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See id.* at 2.

Because it was unclear from the Complaint [1] whether it possessed subject-matter jurisdiction, the Court entered an Order [3] requiring that, on or before February 13, 2025, Plaintiff file an amended complaint curing the pleading issues addressed in the Order [3]. *See generally* Order [3]. In relevant part, the Court

pointed out that the Complaint [1] did not properly allege the citizenship of Defendant Full House Resorts, Inc., and it named John Does 1-4 as Defendants without providing any facts to determine whether they are of diverse citizenship. *See id.* at 1-3.

In response to the Court's Order [3], Plaintiff filed her First Amended Complaint [5] on February 11, 2025, but did not sufficiently address the subject-matter jurisdiction issues raised by the Court's Order [3]. *See* 1st Am. Compl. [5]. So, the Court entered another Order [6] directing Plaintiff to file an amended complaint properly alleging the citizenship of the parties on or before February 24, 2025. *See* Order [6]. Specifically, the Court could not ascertain whether there was diverse citizenship because Plaintiff did not specify what type of entity Defendant Full House Resorts, Inc.'s is, and because she failed to either omit John Does 1-4 as parties to this case or assert facts that would allow the Court to determine their citizenship. *See id.* at 2-6. The Court cautioned Plaintiff "that failure to cure the deficiencies raised by this Order may result in this lawsuit being dismissed without prejudice for lack of subject-matter jurisdiction, and without further notice to Plaintiff." *Id.* at 1. Plaintiff then filed her Second Amended Complaint [7], which addressed the issue of Defendant Full House Resorts, Inc.'s citizenship. *See* 2d Am. Compl. [7] at 1. But it did not remove John Does 1-4 as parties to this case or provide any facts from which the Court could ascertain whether they are of diverse citizenship. *See id.* at 1-2.

## II. <u>DISCUSSION</u>

A.     <u>Relevant Legal Authority</u>

Pursuant to 28 U.S.C. § 1332(a), district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332(a)(1).  This statute "require[s] complete diversity between all plaintiffs and all defendants."  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  "For diversity jurisdiction, the party asserting federal jurisdiction must distinctly and affirmatively allege the citizenship of the parties."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (quotation omitted).  A plaintiff's "[f]ailure adequately to allege the basis for diversity jurisdiction mandates dismissal."  *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

Under 28 U.S.C. § 1441(b), "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b).  However, when a case is originally filed in federal court, § 1441(b) does not apply.  *See id.*  Instead, where a complaint originally filed in federal court based upon diversity jurisdiction names fictitious defendants, it must allege facts indicating whether such defendants are of diverse citizenship.  *See Richard v. Doe*, 638 F. App'x 409, 410 (5th Cir. 2016).

B.    <u>Analysis</u>

As the party invoking the Court's diversity jurisdiction, Plaintiff bears the burden of establishing that complete diversity of citizenship exists.  *See Stafford*, 945 F.2d at 804.  However, it is unclear from the record whether there is complete diversity of citizenship among the parties.

Despite being given multiple opportunities to amend her Complaint [1], Plaintiff has not omitted the fictitious John Does 1-4 as Defendants, nor has she alleged facts which indicate that the John Does are of diverse citizenship.  *But see* Order [6] at 6 ("Plaintiff is again ordered to file an amended complaint to address this issue by either omitting John Does 1-4 or alleging their state of citizenship.").  The Amended Complaints [5], [7] contain no additional allegations with respect to the John Does.  *Compare* Compl. [1] at 1-2, *with* 1st Am. Compl. [5] at 1-2 *and* 2d Am. Compl. [7] at 1-2.[1]  Plaintiff has not complied with the Court's Orders [3], [6], and she has not carried her burden of demonstrating that the Court has subject-matter jurisdiction over this civil action.

### III.    <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the above-captioned case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter

---

[1] All three Complaints [1], [5], [7] allege that "John Does 1-4, whether singular or plural, being the persons, corporations, firms, or other entities whose wrongful or negligent conduct caused or contributed to the injuries of which the Plaintiff complains herein, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment if and when ascertained."  Compl. [1] at 1-2; 1st Am. Compl. [5] at 1-2; 2d Am. Compl. [7] at 1-2.

jurisdiction.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 25th day of February, 2025.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE